UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYNDON BUTLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2459** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court are Plaintiff Lyndon Butler's ("Plaintiff") objections[1] to the June 9, 2014 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of Defendant the Acting Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act").[3] The parties filed cross-motions for summary judgment.[4] The Magistrate Judge recommended that Plaintiff's motion for summary judgment be denied, the Commissioner's cross-motion be granted and the case be dismissed with prejudice.[5] Plaintiff objects, requesting that the case be reviewed *de novo* and the claim be remanded to the Administrative Law Judge ("ALJ") for a new hearing.[6] Having considered Plaintiff's objections, the cross motions for summary judgment, the Magistrate Judge's Report and Recommendation, the record, and the applicable law, for the following reasons

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 16.

[3] Rec. Doc. 1.

[4] Rec. Docs. 12 and 15.

[5] Rec. Doc. 16 at 1.

[6] Rec. Doc. 17.

the Court will overrule Plaintiff's objections in-part, sustain Plaintiff's objections in-part, adopt the Magistrate Judge's Report and Recommendation in-part, reject the Magistrate Judge's Report and Recommendation in-part, reverse the ALJ's decision and remand the matter to the ALJ.

# I. Background

*A. Procedural History*

On October 12, 2010, Plaintiff filed a protective application for DIB under Title II of the Act,[7] alleging a disability onset date of June 14, 2010.[8] Plaintiff alleged disability due to a back impairment, a right hip impairment, diabetes, sarcoidosis, and blindness to the right eye.[9] After his application was denied by the Commissioner, Plaintiff requested a hearing before an ALJ, which was held on October 27, 2011.[10] Plaintiff and a vocational expert, Thomas Munea, testified at the administrative hearing.[11]

On March 19, 2012, the ALJ issued a decision denying Plaintiff's applications for benefits.[12] The ALJ analyzed Plaintiff's claim pursuant to the five-step sequential evaluation process.[13] At step

---

[7] 42 U.S.C. §§ 405(g), 423, 1381(a).

[8] Adm. Rec. at 118–20.

[9] *Id*. at 154.

[10] *Id*. at 28–58.

[11] *Id*.

[12] *Id*. at 9–27.

[13] The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id*. §§ 404.1520(c), 416.920(c).

2

one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.[14] At step two, the ALJ concluded that Plaintiff has the following severe impairments: "discogenic and degenerative disorders of the back; dysfunction of major joint; and blindness of the right eye."[15] At step three, the ALJ held that Plaintiff did not have an impairment that meets or medically equals the severity of one of the listed impairments under the regulations.[16] At step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except as follows:

> lifting/carrying up to 20 pounds continuously (over 2/3 of an 8-hour workday); lift and carry 21 to 50 pounds occasionally (up to 1/3 of an 8-hour workday); sit 4 hours at a time for a total of 8 hours in an 8-hour workday; stand 2 hours at a time for a total of 4 hours in an 8-hour workday; walk for 2 hours at a time for a total of 4 hours in an 8-hour workday; continuous reaching in all directions, handling, fingering, feeling, and pushing/pulling; frequent balancing; occasional climbing of ramps and stairs, and using feet for operation of foot controls; no climbing of ladders, ropes or scaffolds, stooping, kneeling, crouching, or crawling; continuous exposure to

---

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id*. §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education, and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to a claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969.

[14] Adm. Rec. at 14.

[15] *Id*. at 14–15.

[16] *Id*. at 15.

3

humidity and wetness, extreme heat, and dust, odors, fumes, and pulmonary irritants; frequent exposure to operating a motor vehicle; occasional exposure to moving mechanical parts; no exposure to unprotected heights, extreme cold, or vibrations; able to tolerate exposure to very loud noise such as a jackhammer; and work not requiring binocular vision due to blindness of right eye.[17]

The ALJ concluded that Plaintiff could not perform his past relevant work.[18] However, at step five, the ALJ determined that given Plaintiff's age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that he could perform, namely, that of cashier, ticket taker, and interviewer/survey worker.[19] Therefore, the ALJ denied Plaintiff's application.[20]

The ALJ's decision became the final decision of the Commissioner for purposes of this Court's review after the Appeals Council denied review on February 25, 2013.[21] On April 25, 2013, Plaintiff filed a complaint seeking judicial review pursuant to Section 405(g) of the Act,[22] and this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B). On August 1, 2013, the Commissioner answered the complaint.[23]

On September 9, 2013, Plaintiff filed a motion for summary judgment and memorandum in support.[24] Plaintiff argued that the ALJ erred by failing to: (1) make findings as to the severity of

---

[17] *Id.* at 15–16.

[18] *Id.* at 21.

[19] *Id.* at 21–22.

[20] *Id.* at 22–23.

[21] *Id.* at 4–7.

[22] Rec. Doc. 1.

[23] Rec. Doc. 9.

[24] Rec. Doc. 12.

4

Plaintiff's diabetes; (2) consider Plaintiff's need for a cane; (3) give deference to the opinion of Plaintiff's treating physicians; and (4) consider a closed period of disability.[25] On December 2, 2013, the Commissioner filed a cross-motion for summary judgment and memorandum in support.[26]

## B. *Report and Recommendation Findings*

The Magistrate Judge issued his Report and Recommendation on June 9, 2014.[27] The Magistrate Judge found Plaintiff's argument that the ALJ erred when she made no findings as to the severity of his diabetes unavailing.[28] He opined that the ALJ resolved Plaintiff's claim at step five of the evaluation process, noting that the Fifth Circuit has repeatedly held that step-two arguments are irrelevant when the ALJ proceeds to subsequent steps of the sequential evaluation.[29] He noted that the ALJ recognized that Plaintiff has non-insulin dependent diabetes but ultimately concluded that only three of Plaintiff's alleged impairments are severe.[30] Even assuming that Plaintiff's diabetes is severe, the Magistrate Judge found that any error in not listing it as a severe impairment was harmless.[31]

The Magistrate Judge also found Plaintiff's argument that the ALJ erred when she failed to take into account his need for a cane unavailing.[32] He opined that the ALJ's RFC determination,

---

[25] Rec. Doc. 12-2 at 2.

[26] Rec. Doc. 15.

[27] Rec. Doc. 16.

[28] *Id*. at 6–7.

[29] *Id*. at 7 (citing *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987)(per curiam)).

[30] *Id.* (citing Adm. Rec. at 15–21).

[31] *Id*. (citing *Chaparro*, 815 F.2d at 1011).

[32] *Id*.

5

which included significant limitations, took sufficient account of Plaintiff's use of a cane.[33] Further, the Magistrate Judge noted that subsequent medical records contradicted Plaintiff's need for a cane.[34] Accordingly, the Magistrate Judge concluded that the ALJ properly declined to assess the additional limitations concerning the use of the cane, and substantial evidence supported the limitations included in Plaintiff's RFC.[35]

The Magistrate Judge addressed Plaintiff's argument that the ALJ failed to give deference to the opinion of his treating physicians.[36] The Magistrate Judge found substantial evidence to support the ALJ's findings.[37] The Magistrate Judge noted that the ALJ accorded a "Request for Accommodations" form completed by Dr. Jones in September 2011 little weight because it conflicted with the treatment notes indicating that Plaintiff was later recovering well from surgery and exercising regularly.[38] The Magistrate Judge also noted that the ALJ found Plaintiff's complaints of back pain and radiculopathy to Dr. Butler pre-dated Plaintiff's October 2011 back surgery.[39] Further, the Magistrate Judge found that substantial evidence supports the ALJ's conclusion that Dr. Rothaermel's report indicated that Plaintiff's impairments were not disabling.[40] Accordingly, the Magistrate Judge found that the ALJ properly accorded little evidentiary weight to the opinions of

---

[33] *Id.* at 8 (citing Adm. Rec. at 15–16).

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.* at 10.

[38] *Id.* (citing Adm. Rec. at 20).

[39] *Id.* at 11 (citing Adm. Rec. at 18).

[40] *Id.* (citing Adm. Rec. at 20).

6

Dr. Jones, Dr. Jones's assistant Neil Delude and Dr. Butler.[41] Further, the Magistrate Judge found that the opinions upon which Plaintiff relied do not mandate a disability finding because, while the opinions indicate that he could perform less than full-time work, the regulations state that part-time work may constitute substantial gainful activity.[42]

Finally, the Magistrate Judge found that the ALJ did not err in failing to consider a closed period of disability.[43] He opined that there was substantial evidence to indicate that Plaintiff was not disabled for a continuous period of twelve month.[44] He rejected Plaintiff's argument that he was entitled to a closed period of benefits because treating physicians stated he could not perform full-time work, noting that the regulations provide that part-time work may constitute substantial gainful activity.[45]

## II. Objections

### A. *Plaintiff's Objections*

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on June 15, 2014.[46] Plaintiff contends an ALJ must find that an individual is disabled if he cannot perform full-time work.[47] He argues that the Magistrate Judge's findings to the contrary are

---

[41] *Id.*

[42] *Id.* (citing 20 C.F.R. § 404.1572).

[43] *Id.* at 12–13.

[44] *Id.* at 13.

[45] *Id.* at 13–14 (citing 20 C.F.R. § 404.1572).

[46] Rec. Doc. 17.

[47] *Id.* at 4. (citing *Watson v. Barnhart*, 288 F.3d 212, 218 (5th Cir. 2002)).

7

incorrect.[48]

Plaintiff objects to the Magistrate Judge's finding that the ALJ adequately accommodated his need to use a cane.[49] Plaintiff notes that the ALJ found he could perform work that involved sitting four hours per day and standing/walking for two hours per day.[50] For the first time, Plaintiff argues that the use of a cane could cause additional restrictions. He contends that during at least the two hours period when he was walking, he would be required to hold a cane with at least one hand, which would restrict his ability to reach, handle, finger, feel, push, and pull, activities the ALJ found to be unrestricted.[51] Therefore, he argues the ALJ should have "adopted corresponding limitations in his residual functional capacity finding and hypothetical question [sic] to the vocational expert."[52] He contends the Magistrate Judge erred in finding that later medical evidence showing no need to use a cane, arguing this is a determination for the ALJ not the reviewing court.[53]

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly accorded little evidentiary weight to the opinions of Dr. Jones, Dr. Jones's assistant Neil Delude and Dr. Butler.[54] Plaintiff asserts that the ALJ failed to address all medical opinion evidence, as is required by law.[55] He contends that the ALJ evaluated and explained the weight given to the December 6, 2011

---

[48] *Id.* at 5.

[49] *Id.* at 8.

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *Id.*

8

medical source opinion of Dr. Rothaermel and the September 19, 2011 medical source opinion of Dr. Jones, but did not acknowledge the June 2011 opinion of Neil Delude, P.A., the October 2010 opinion of Dr. Butler or the September 2010 opinion of Dr. Jones.[56]

Finally, Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err in failing to consider a closed period of disability.[57] Plaintiff contends that the ALJ reached no conclusion regarding a period of closed disability and the Magistrate Judge improperly weighed the evidence himself.[58]

## B. The Commissioner's Response

The Commissioner did not file a brief in opposition to Plaintiff's objections despite receiving electronic notice of the filing posted on June 15, 2014.

## III. Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[59] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to." A District Court's review is limited to plain error of parts of the report which are not properly objected to.[60]

---

[56] *Id.* at 6–7.

[57] *Id.* at 9.

[58] *Id.*

[59] FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[60] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

9

*B. Standard of Review of Commissioner's Final Decision on DIB Benefits*

Under 42 U.S.C. § 405(g) the district court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[61] Appellate review of the Commissioner's denial of DIB benefits is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence.[62] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[63] The Court must review the whole record to determine if such evidence exists.[64] However, the district court cannot "reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's."[65] The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[66] A court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history."[67]

---

[61] 42 U.S.C. § 405(g).

[62] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Waters v. Barnhart*, 276 F.3d 716, 716 (5th Cir. 2002); *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

[63] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Perez*, 415 F.3d at 461; *Loza*, 219 F.3d at 393; *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992)).

[64] *Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir. 1986).

[65] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

[66] *See Arkansas v. Oklahoma*, 503 U.S. 91 (1992).

[67] *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

The Court notes that both Plaintiff and the Commissioner have moved for summary judgment. The standard of review applicable to such motions requires that a moving party establish that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law.[68] Under 42 U.S.C. § 405(g), however, this Court may examine only the pleadings and the record relied upon by the ALJ. Thus, there cannot generally be a disputed issue of fact before the Court in Social Security appeals.[69] Instead, "[t]he issue is whether the action of the Secretary is supported by the Record."[70] The Fifth Circuit has regularly allowed district courts to rule on Social Security disputes through the summary judgment procedure, when "the district court has adequately reviewed the record and based its judgment on a finding of substantial evidence in the administrative record."[71]

## IV. Law and Analysis

### A. *Law Applicable to Qualification for DIB*

To be considered disabled and eligible for DIB, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[72] The Commissioner has promulgated

---

[68] FED. R. CIV. P. 56(c).

[69] *See Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981).

[70] *Id.* (citing *Igonia v. Califano*, 568 F.2d 1383, 1389 (D.C. Cir. 1977)).

[71] *Id.*; *see also, e.g.*, *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (setting forth both the summary judgment and substantial evidence standards of review).

[72] 42 U.S.C. § 423(d)(1)(A).

regulations that provide procedures for evaluating a claim and determining disability.[73] The regulations include a five-step evaluation process for determining whether an impairment constitutes a disability, and the five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled.[74] The claimant has the burden of proof under the first four parts of the inquiry, and if he successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant is capable of engaging in alternative substantial gainful employment, which is available in the national economy.[75]

***B. The Magistrate Judge Erred in Applying 20 C.F.R. § 404.1572 to Evaluate Plaintiff's RFC***

Plaintiff contends an ALJ must find that an individual is disabled if he cannot perform full-time work. He argues that the Magistrate Judge's findings to the contrary are incorrect. On two occasions the Magistrate Judge indicated that Plaintiff was not entitled to benefits because he could perform part-time work.[76] First, the Magistrate Judge found that the ALJ did not err in determining Plaintiff's RFC because the treating physicians' opinions upon which Plaintiff relied do not mandate a disability finding as they indicated Plaintiff could perform part-time work. Second, the Magistrate Judge also rejected Plaintiff's argument that he was entitled to a closed period of benefits because his treating physicians stated he could perform part-time work. However, the Court notes that this standard was not applied by the ALJ. The ALJ determined that Plaintiff had the RFC to perform light work for eight hours a day with restrictions.[77]

---

[73] 20 C.F.R. §§ 404.1501 to 404.1599 & Apps., §§ 416.901 to 416.998 (2008).

[74] *Id.* §§ 404.1520, 416.920; *Perez*, 415 F.3d at 461.

[75] *Perez*, 415 F.3d at 461; *Newton*, 209 F.3d at 453.

[76] Rec. Doc. 16 at 11, 13–14.

[77] Adm. Rec. at 15.

Social Security Ruling ("SSR") 96-8p provides that when assessing an individual's RFC, the ALJ must determine "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis."[78] "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."[79] Therefore, under SSR 96-8p the ALJ must make the RFC determination on the basis of full-time work, as the ALJ found not part-time work as the Magistrate Judge found.[80]

The Magistrate Judge's Report and Recommendation relied on 20 C.F.R. § 404.1572(a), which defines substantial work activity. 20 C.F.R. § 404.1572(a) provides, "Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before."[81] However, SSR 96-8p provides that an individual's RFC must be made on the basis of full-time work. Accordingly, the Court finds the Magistrate Judge's reliance on 20 C.F.R. § 404.1572(a) in evaluating the ALJ's RFC determination to be misplaced. In the instant case, there is simply no indication in the record that the ALJ based Plaintiff's RFC on his ability to perform part-time work and even if she did it would be incorrect. The ALJ did not rely on 20 C.F.R. § 404.1571(a) in determining Plaintiff's RFC. The ALJ

---

[78] Social Security Ruling (SSR) 96-8p, 1996 WL 374184 * 2. The Fifth Circuit has noted that "[t]he Social Security Administration's rulings are not binding on this court, but they may be consulted when the statute at issue provides little guidance." *Myers v. Apfel*, 238 F.3d 617 (5th Cir. 2001). *See also Alfred v. Barnhart*, 181 F. App'x 447 (5th Cir. 2006) (citing SSR 96-8p).

[79] SSR 96-8p.

[80] SSR 96-8p notes that "[p]art-time work that was substantial gainful activity, performed within the past 15 years, and lasted long enough for the person to learn to do it constitutes past relevant work, and an individual who retains the RFC to perform such work must be found not disabled." This statement is does not apply to Plaintiff because the record does not reflect that he performed part-time work within the past 15 years. Further, the ALJ did not apply this standard in Plaintiff's case.

[81] 20 C.F.R. § 404.1572(a).

determined that Plaintiff had the RFC to perform light work for eight hours a day with restrictions.[82] Therefore, the Court will sustain Plaintiff's objection to the Report and Recommendation, and address Plaintiff's objections related to alleged errors in the ALJ's decision.

## *C. The ALJ's Decision Properly Accounts for Plaintiff's Use of a Cane*

Plaintiff objects to the Magistrate Judge's finding that the ALJ adequately accommodated for his purported need to use a cane. Plaintiff argues that the use of a cane could cause additional restrictions. Plaintiff cites *Newton v. Apfel*, where the Fifth Circuit stated, "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."[83]

The ALJ included significant limitations to Plaintiff's RFC: walking for two hours at a time for a total of four hours in an eight-hour workday; frequent balancing; occasional climbing of ramps and stairs, and using feet for operation of foot controls; and no climbing of ladders, ropes or scaffolds, stooping, kneeling, crouching, or crawling.[84] For the first time in his objections, Plaintiff argues that the use of a cane could cause additional restrictions. He contends that during at least the two hours period when he was walking, he would be required to hold a cane with at least one hand, which would restrict his ability to reach, handle, finger, feel, push and pull, activities the ALJ found to be unrestricted. Therefore, he argues the ALJ should have adopted corresponding limitations in his residual functional capacity.

The Court notes that Plaintiff did not raise these additional restrictions before the ALJ, the Appeals Council or the Magistrate Judge. The Supreme Court has held that "Claimants who exhaust

---

[82] As discussed more thoroughly below, in determining Plaintiff's RFC, the ALJ failed to consider all of the medical evidence presented in the record. The Magistrate Judge incorrectly found that the ALJ did not need to consider the medical evidence because it indicated that Plaintiff could perform part-time work.

[83] 209 F.3d 448, 455 (5th Cir. 2000).

[84] Adm. Rec. at 15–16.

14

administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues."[85] However, the Magistrate Judges Act "does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge—absent compelling reasons."[86] Plaintiff has provided no reason for his failure to make these arguments before the Magistrate Judge. Plaintiff contends that use of a cane would cause additional restrictions, but he points to no medical evidence in the record to support his assertion. Accordingly, the Court finds no compelling reason to consider the additional restrictions suggested by Plaintiff.

Plaintiff also contends the Magistrate Judge erred in finding that later medical evidence showed no need to use a cane, arguing this is a determination for the ALJ not the reviewing court. However, the ALJ did discuss this evidence, noting that Dr. Rothaermel's report reflects that Plaintiff "ambulated without any difficulty and without an assistive device."[87] Dr. Rothaermel did not place any additional restrictions on Plaintiff's activity due to use of a cane. The ALJ accorded "great weight to Dr. Rothaermel's opinion of the claimant's functional abilities."[88] Further, the ALJ noted that her conclusions regarding residual functional capacity assessment were "supported by the medical opinions as discussed, testimony, and weight of the evidence when considered in its entirety."[89] There is no medical evidence in the record supporting Plaintiff's argument that use of

---

[85] *Sims v. Apfel*, 530 U.S. 103, 112 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits, and the Council's review is similarly broad.").

[86] *Cupit v. Whitley*, 28 F.3d 532, 535 n. 5.

[87] *Id.* at 19.

[88] *Id.* at 20.

[89] *Id.* at 21.

a cane could cause additional restrictions. Accordingly, the Court finds Plaintiff's objection without merit and adopts the Magistrate Judge's finding that substantial evidence supported the restrictions imposed by the ALJ in determining Plaintiff's RFC.

## D. The ALJ Erred in Failing to Evaluate All Treating Physicians' Opinions and Failing to Address Plaintiff's Entitlement to a Closed Period of Disability

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly accorded little evidentiary weight to the opinions of Dr. Jones, Dr. Jones's assistant Neil Delude and Dr. Butler. Plaintiff asserts that the ALJ failed to address the September 2010 opinion of Dr. Jones, the October 2010 opinion of Dr. Butler and the June 2011 opinion of Neil Delude, P.A. Plaintiff also objects to the Magistrate Judge's finding that the ALJ did not err in failing to consider a closed period of disability. Plaintiff contends that the ALJ reached no conclusion regarding a closed period of disability, and the Magistrate Judge improperly weighed the evidence himself. He contends that even if his condition improved after his October 2011 surgery, he was still disabled between June 2010 and October 2011.

Although not conclusive, an evaluation by the claimant's treating physician should be accorded great weight.[90] "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence.'"[91] "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary

---

[90] *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir.1994).

[91] *Martinez v. Chater*, 64 F.3d 172, 176 (citing 20 C.F.R. § 404.1527(d)(2)).

16

conclusion."[92] However, "it is clear that the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position."[93]

In assessing Plaintiff's RFC, the ALJ did not address several findings made by Plaintiff's treating physicians regarding his ability to return to work. The ALJ did not address the June 16, 2010 opinion of Delude that Plaintiff "cannot return to work at this point and will be able to return to work after the [hip] surgery."[94] The ALJ failed to address that on October 6, 2010, Dr. Butler, who treated Plaintiff's back condition, opined that Plaintiff should not return to work.[95] The ALJ noted that on June 29, 2011, following his hip surgery, Delude released Plaintiff to "limited duty work," but the ALJ did not note that the June 2011 opinion only released Plaintiff to return to work for four-hour shifts, three times a week.[96]

"The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[97] The ALJ explained why she gave little weight to the September 19, 2011 opinion of Dr. Jones restricting Plaintiff's activities.[98] However, she gave no reasons for her failure to consider the work restrictions imposed in the June 2010 opinion of Delude, the October 2010 opinion of Dr. Butler or the June 2011 opinion of Delude.

---

[92] *Id.*; *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted).

[93] *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

[94] *Id.* at 17, 205.

[95] *Id.* at 18, 259.

[96] *Id.* 17, 325.

[97] SSR 89-8p.

[98] Adm. Rec. at 20–21.

17

The Magistrate Judge found that "the ALJ properly accorded little evidentiary weight to the opinions of Jones, Delude and Butler. Plaintiff's argument focuses on opinions that he could perform less than full-time work. But the regulations state that part-time work may constitute substantial gainful activity."[99] As discussed thoroughly above, an RFC determination must be based on Plaintiff's ability to perform full-time work. Accordingly, the Court finds that the ALJ should have considered the medical opinions of Delude and Butler in determining Plaintiff's RFC.

Further, the ALJ did not address whether Plaintiff was entitled to a closed period of disability. The law defines disability as the inability to do any substantial gainful activity by reason of any medically-determinable impairment that can be expected to last for a continuous period of not less than 12 months.[100] Therefore, an ALJ should consider a closed period of disability if she finds that a claimant was disabled for at least 12 consecutive months. "'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'"[101] If the ALJ erred in failing to state her reasons, the court must determine whether this error was harmless.[102]

The medical records indicate that Plaintiff's treating physicians placed restrictions on his ability to work from June 16, 2010 through at least June 29, 2011, when Delude released Claimant to perform part-time work. Absent some explanation from the ALJ to the contrary, Plaintiff would appear to have met his burden of showing that he was disabled for at least 12 consecutive months.

---

[99] Rec. Doc. 16 at 11.

[100] *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505; *Barnhart v. Walton*, 535 U.S. 212, 218–20 (2002).

[101] *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

[102] *Id.*

Therefore, Plaintiff's substantial rights were affected by the ALJ's failure to consider the medical opinions and his entitlement to a period of closed disability. While it is not permitted to reweigh the evidence, the Court finds that the ALJ did not apply the appropriate legal standards here. Accordingly, the Court will sustain Plaintiff's objection, and will remand to the ALJ pursuant to 42 U.S.C. § 405(g) for a new hearing and more adequate consideration of the record.

### V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Plaintiff's objection related to use of a cane and the Court hereby **ADOPTS** the Magistrate Judge's recommendation on that issue;

**IT IS FURTHER ORDERED** that the Court **SUSTAINS** Plaintiff's other objections finding that the Magistrate Judge erred in applying 20 C.F.R. § 404.1572 to evaluate Plaintiff's RFC, the ALJ erred in failing to evaluate all treating physicians' opinions and the ALJ erred in failing to address Plaintiff's entitlement to a closed period of disability. The Court hereby **REJECTS** the Magistrate Judge's recommendation on those issues;

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the ALJ pursuant to 42 U.S.C. § 405(g) for a new hearing consistent with this Court's Order and Reasons.

**NEW ORLEANS, LOUISIANA,** this 25th day of August, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**