## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LYNDON BUTLER**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 13-2459**

**CAROLYN W. COLVIN, ACTING COMMISSIONER**    **SECTION: "G"(3)**
**SOCIAL SECURITY ADMINISTRATION**

## ORDER AND REASONS

Before the Court is Plaintiff Lyndon Butler's ("Plaintiff") Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act.[1] The Court has considered the motion, the memorandum in opposition, the memorandum in reply, the record, and applicable law. For the reasons discussed below, the Court will grant the motion.

## I. Background

On April 25, 2013, Plaintiff filed a complaint against Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), alleging that the Commissioner had improperly denied his claims for disability insurance benefits.[2] He subsequently moved for summary judgment on September 9, 2013,[3] and on December 2, 2013, the Commissioner filed a cross-motion for summary judgment.[4] Plaintiff specifically requested remand of his claim to an Administrative Law Judge ("ALJ") pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing or payment of benefits.[5]

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 1.

[3] Rec. Doc. 12.

[4] Rec. Doc. 15.

[5] Rec. Doc. 12-2 at 1.

The Magistrate Judge issued a Report and Recommendation to this Court on June 9, 2014, recommending that Plaintiff's motion for summary judgment be denied, the Commissioner's cross-motion be granted and the case be dismissed with prejudice.[6] After Plaintiff filed timely objections to the Report and Recommendation, the Court reviewed the motions for summary judgment *de novo* and, on August 26, 2014, declined to adopt the recommendation.[7] The Court found that the ALJ erred in failing to evaluate all treating physicians' opinions and in failing to address Plaintiff's entitlement to a closed period of disability.[8] Accordingly, the Court remanded this matter to the ALJ pursuant to 42 U.S.C. § 405(g) for a new hearing and more adequate consideration of the record.[9]

Plaintiff filed the pending motion for attorney's fees on October 15, 2014.[10] The Commissioner filed a memorandum in opposition on October 21, 2014,[11] and Plaintiff filed a reply on November 5, 2014, with leave of Court.[12]

## II. Parties' Arguments

### A. Plaintiff's Motion for Attorney's Fees

Plaintiff asserts that he is entitled to attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[13] Plaintiff contends that he is a prevailing party under the EAJA

---

[6] Rec. Doc. 16 at 1.

[7] Rec. Doc. 18.

[8] *Id.* at 16–19.

[9] *Id.* at 19.

[10] Rec. Doc. 19.

[11] Rec. Doc. 20.

[12] Rec. Docs. 25 and 26.

[13] Rec. Doc. 19-2 at 1.

because he has received a judgment in his favor remanding his case.[14] Therefore, he argues that he is entitled to attorney's fees unless the Commissioner can prove that her position in this mater was "substantially justified."[15]

Plaintiff requests attorney's fees of $7,875.00 and costs in the amount of $350.00, plus any amount which may be necessitated by the Commissioner's opposition to this motion.[16] This amount is based on an hourly rate of $175.00 and 45 hours of work.[17] Plaintiff asserts that the number of hours claimed are wholly reasonable and necessary.[18] He argues that the hourly rate of $175.00 is calculated on the basis of the $125.00 hourly rate authorized by the EAJA enhanced by the cost of living reflected by the Consumer Price Index.[19]

### B. The Commissioner's Memorandum in Opposition

The Commissioner filed a memorandum in opposition disputing only the requested hourly rate.[20] She notes that the Fifth Circuit has adopted the "lodestar" approach for calculating reasonable attorney fees in social security cases, where the number of attorney hours reasonably expended on litigation is multiplied by a reasonable hourly rate.[21] The Commissioner asserts that the case cited by Plaintiff to support the requested hourly rate was unopposed, and that the Commissioner

---

[14] *Id.* (citing Shalala v. Schaefer, 113 S.Ct. 2625, 2629–32 (1993)).

[15] *Id.*

[16] *Id.* at 4.

[17] *Id.* at 2–3.

[18] Rec. Doc. 19-1 at 2.

[19] *Id.* at 3 (citing *Cavin v. Astrue*, 2014 WL 28864, Civ. Action No. 12-1144 (E.D. La. 2014); *Andrews v. Colvin*, 2013 WL 2286266, Civil Action No. 12-2055 (E.D. La. 2013)).

[20] Rec. Doc. 20 at 1.

[21] *Id.* (citing *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990)).

consistently opposes fee rates above $160 per hour.[22] She contends that a $160 per hour rate is appropriate for social security cases arising in this district.[23]

### C. Plaintiff's Memorandum in Reply

In reply, Plaintiff asserts that the contingent EAJA hourly rate of $175.00 is much lower than the $275.00 hourly rate counsel charges for non-contingent legal services.[24] Counsel included an affidavit attesting to the $275.00 hourly rate he receives for non-contingent legal services.[25] Plaintiff also asserts that this hourly rate is consistent with other awards in this district.[26]

In further support, Plaintiff filed affidavits of Karl Osterhout and Christopher O'Conner.[27] Mr. Osterhout attested that he has practiced law in the area of social security disability since 1987.[28] Mr. O'Conner attested that he is a managing partner of Citizens Disability, "one of the largest disability representation companies in the United States.[29] Both attorneys stated that Plaintiff's counsel has charged them an hourly rate of $275.00.[30]

---

[22] *Id.* at 3.

[23] *Id.* (citing *Guzzardo v. Colvin*, Civ. Action No. 13-232 (E.D. La. Mar. 24, 2014); *Henson v. Colvin*, Civ. Action No. 12-3053 (E.D. La. Apr. 24, 2014; *Deidre Grant v. Colvin*,  Civ. Action No. 12-1306 (E.D. La. Aug. 23, 2013, *Thibodeaux, v. Astrue*, Civ. Action No. 11-592 (E.D. La. Dec. 5, 2012)).

[24] Rec. Doc. 26 at 1.

[25] Rec. Doc. 26-1 at 1.

[26] Rec. Doc. 26 at 2 (citing *Cavin v. Astrue*, 2014 WL 28864, Civ. Action No. 12-1144 (E.D. La. 2014); *Andrews v. Colvin*, 2013 WL 2286266, Civil Action No. 12-2055 (E.D. La. 2013)).

[27] Rec. Doc. 26-2; Rec. Doc. 26-3.

[28] Rec. Doc. 26-2 at 1.

[29] Rec. Doc. 26-3 at 1.

[30] Rec. Doc. 26-2 at 3; Rec. Doc. 26-3 at 1.

### III. Law and Analysis

Under the EAJA, "attorneys' fees shall not be award in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited ability of qualified attorneys for the proceedings involved, justifies a higher fee."[31] The district court has discretion to increase this hourly rate beyond the statutory cap in order to arrive at a reasonable rate for attorneys' fees in a particular market.[32]

In *Baker v. Bowen*, the Fifth Circuit expressly rejected the argument that increases in the EAJA must precisely track any increase in the cost of living.[33] The court noted that "while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely *require* it."[34] Rather, the Fifth Circuit characterized the EAJA rate adjusted for cost of living as the *maximum* allowed by the statute: "By permitting cost-of-living increases, Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with seventy-five dollars in 1981."[35]

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made

---

[31]28 U.S.C. § 2412(d)(2)(A)(ii).

[32]*Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (per curiam) ("The Equal Access to Justice Act vests district court with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors. . . . These factors are market based.").

[33]*Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988).

[34]*Id.* at 1084 (emphasis in original).

[35]*Id.* at 1084 (When *Baker* was decided, the applicable EAJA rate was $75 per hour based on a 1981 statute.); *see also Robeaux v. Social Sec. Admin.*, No. 12-2093, 2013 WL 6174489, *2 (E.D. La. Nov. 21, 2013) (Zainey, J.) ("[A]bsent other circumstances, the original $125 per hour in the EAJA reflected the *maximum* rate that could be awarded under the statute. Thus, the CPI adjusted rate of $183 contemplates the maximum rate that could be awarded today, rather than the adjusted rate necessarily applicable to this market.").

to reflect the appropriate rate in the year in which the services were rendered."[36] Because the EAJA was amended in March 1996 to increase the statutory ceiling from $75 to $125 per hour, the appropriate time period for which to calculate any cost-of-living increase in the instant case is from March 1996 through 2013, the year in which Plaintiff's attorney expended most of the hours working on this case.[37] Plaintiff has provided no evidence of the increase in the cost of living in the New Orleans area since March 1996, but he refers the Court to the Consumer Price Index prepared by the Bureau of Labor and Statistics.[38] The Commissioner has not disputed the accuracy of the information in the Bureau of Labor Statistics report. Therefore, the Court takes judicial notice of that information.[39]

According to the Bureau of Labor Statistics report, the average Consumer Price Index for All Urban Consumers ("CPI-U") was 155.7 in the month of March 1996. The average CPI-U for 2013 was 232.96, an increase of approximately 49 percent since March 1996.[40] A 49 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $186.25.[41] Accordingly, the Court finds that an hourly rate of $175, as requested by Plaintiff, for work performed on this Social Security appeal in 2013 is reasonable in the New Orleans legal market and consistent with recent decisions in this district concerning the reasonable hourly rate for attorneys'

---

[36] *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992).

[37] *Id.*

[38] Rec. Doc. 19 at 2. *See* United States Department of Labor, Bureau of Labor Statistics, http://www.bls.gov/ro5/cpiushistorical.pdf.

[39] Fed. R. Evid. 201.

[40] http://www .bls.gov/ro5/cpiushistorical.pdf, at p. 1. *See also Mills v. Colvin*, Civ. Action No. 13-701, 2014 WL 6475376 (E.D. La. Nov. 17, 2014) (Milazzo, J.).

[41] 125 x .49 = 61.25; 125 + 61.25 = 186.25.

fees under the EAJA.[42] Applying the hourly rate of $175 to the 45 hours of attorney time expended by Plaintiff's counsel yields a fee of $7,875.00, plus uncontested and awardable costs of $350.

In *Astrue v. Ratlif*, the Supreme Court held that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[43] Following this binding precedent, the Court will award attorneys' fees to Plaintiff Lyndon Butler, rather than his attorney.

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act" is **GRANTED** and that Plaintiff Lyndon Butler is awarded attorneys' fees in the amount of $7,875.00, representing 45 hours of time at a rate of $175.00 per hour, and costs in the amount of $350.00.

**NEW ORLEANS, LOUISIANA,** this 29th day of June, 2015.

*(signature)*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[42] *See, e.g., Mills v. Colvin*, Civ. Action No. 13-701, 2014 WL 6475376 (E.D. La. Nov. 17, 2014) (Milazzo, J.) (awarding $185.00 per hour for work performed in 2013); *Dubois v. Social Security Admin.*, Civ. Action No. 13-2438, 2014 WL 6485639 (E.D. La. Nov. 18, 2014) (Knowles, M.J.) (awarding $175.00 per hour for work performed in 2013); *Cavin v. Astrue*, Civ. Action No. 12-1144, 2014 WL 28864 (E.D. La. Jan. 2, 2014) (Knowles, M.J.) (awarding $175.00 per hour for work performed in 2012).

[43] 560 U.S. 586, 589 (2010).